IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LUCAS JAMES McCOY,

Defendant.

CR 04-116-GF-BMM-01

**FINDINGS AND
RECOMMENDATIONS TO
REVOKE DEFENDANT'S
SUPERVISED RELEASE**

## I. Synopsis

Mr. McCoy was accused of violating his conditions of supervised release by failing to reside at a residential reentry center. He admitted to the violation. Mr. McCoy's supervised release should be revoked. He should be sentenced to 11 months of custody on Count I and 11 months on Count X, to run concurrently. He should be sentenced to 12 months of supervised release on Count I and 12 months on Count X, to run concurrently.

## II.  Status

Mr. McCoy pleaded guilty in 2005 to Conspiracy to Distribute Marijuana and Methamphetamine (Count I) and Use, Carry, or Discharge of Firearms during and in relation to a Drug Trafficking Crime (Count X).  (Doc. 43.)  He was sentenced to 21 months in custody for Count I and 120 months in custody for Count X, to run consecutively.  He was sentenced to three years of supervised release on Count I and five years of supervised release on Count X, to run concurrently.  (Doc. 48.)  He began his term of supervised release on July 13, 2015.  (Doc. 65.)  On July 16, 2015, the conditions of Mr. McCoy's supervised release were modified to comply with Ninth Circuit law.  (Doc. 61.)

On September 14, 2015, United States District Court Judge Brian Morris approved a Report on Offender under Supervision, allowing Mr. McCoy to remain in the community to address his mental health and substance abuse issues despite his use of methamphetamine, Wellbutrin, and alcohol.  (Doc. 62.)

On November 23, 2015, the United States Probation Office filed a Report on Offender under Supervision, notifying the Court that Mr. McCoy had used marijuana and methamphetamine.  Mr. McCoy was allowed to remain in the community to attend treatment.  (Doc. 63.)

On March 15, 2016, the United States Probation Office filed a third Report

on Offender under Supervision, notifying the Court that Mr. McCoy had used methamphetamine, marijuana, and Spice and had snorted his prescribed Wellbutrin. (Doc. 64.)

In April 2016, Mr. McCoy's supervised release was revoked because he violated his conditions by using methamphetamine. He was sentenced to 15 days of custody on Count I and 15 days of custody on Count X, to run concurrently. He was sentenced to 35 months of supervised release on Count I and 59 months of custody on Count X, to run concurrently. A condition requiring him to reside at a residential reentry center was added. (Doc. 78.)

### Petition

On June 29, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. McCoy's supervised release. In the petition, the Probation Office accused Mr. McCoy of violating Special Condition 1 by using failing to return to the pre-release center on June 25, 2016. (Doc. 79.) Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. McCoy's arrest. (Doc. 80.)

### Initial appearance

Mr. McCoy appeared before the undersigned on August 2, 2016, in Great Falls, Montana. Federal Defender Henry Branom accompanied him at the initial

appearance.  Assistant United States Attorney Bryan Dake represented the United States.

Mr. McCoy said he had read the petition and understood the allegations. Mr. McCoy waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.  The hearing commenced.

**Revocation hearing**

On August 2, 2016, Mr. McCoy appeared with Mr. Branom before the undersigned for a revocation hearing.  Mr. Dake appeared on behalf of the United States.

Mr. McCoy admitted that he violated the conditions of his supervised release as alleged in the petition.  The violation is serious and warrants revocation of Mr. McCoy's supervised release.

Mr. McCoy's violation grade is Grade C, and his criminal history category is III.  His underlying offenses are Class C and A felonies.  He could be incarcerated for up to 24 months on Count I and up to 60 months on Count X.  He could be ordered to remain on supervised release for 35 months, less any custody time imposed, on Count I and 59 months, less any custody time imposed, on Count X. The United States Sentencing Guidelines call for five to 11 months in custody.

Mr. Branom argued a sentence within the guideline range would be

appropriate.  He argued the strictures of the Court collided with the realities of Mr.

McCoy's life.  Mr. Dake argued a sentence at the high end of the guideline range

would be appropriate given Mr. McCoy's actions.  Mr. McCoy addressed the Court

and said he was doing well at the residential reentry center but he was threatened

by gang members.  He said he has not been a gang member since 2007, but his past

is haunting him.  He said he had to leave the center because his fiancee was

threatened.  He allegedly was tired of being on the run and was going to turn

himself in but he was arrested first.

## III.   Analysis

Mr. McCoy's supervised release should be revoked because he admitted

violating its conditions.  Mr. McCoy should be sentenced to 11 months of custody,

with 12 months of supervised release to follow.  This sentence would be sufficient

given the serious violation of the Court's trust, but it would not be greater than

necessary.  Given the nature of the violation and the history of Mr. McCoy, a

sentence at the high end of the guideline range is warranted.

A reduction in the term of supervised release would encourage Mr. McCoy

to comply with the conditions of his release for one year.

## IV.   Conclusion

Mr. McCoy was advised that the above sentence would be recommended to

Judge Morris.  The Court reminded him of his right to object to these Findings and

Recommendations within 14 days of their issuance.  The undersigned explained

that Judge Morris would consider Mr. McCoy's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke Mr.

McCoy's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

Mr. McCoy violated Special Condition 1 of his supervised release by
failing to return to the Pre-release Center in Butte, Montana, on June
25, 2016.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment,
revoking Mr. McCoy's supervised release and
committing Mr. McCoy to the custody of the United
States Bureau of Prisons for 11 months on Count I and 11
months on Count X, to run concurrently.  The Court
should sentence Mr. McCoy to 12 months of supervised
release on Count I and 12 months on Count X, to run
concurrently.  The Court should impose the special
conditions of release set forth in the attached proposed
judgment, which were read in open court.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO
OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 18th  day of August, 2016.


John Johnston
United States Magistrate Judge